```
FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUN 2 0 2012

DAVID J. MALAND, CLERK
BY
DEPUTY _____
```

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| VS. | § Cause No. 1:12-CR-71 |
| | § Crone/Hawthorn |
| MARIO CARDENAS-GUILLEN | § |
| a/k/a "Metro 1" | § |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

Violation: 21 U.S.C. § 846
Conspiracy with intent to distribute
a controlled substance (cocaine
HCL).

That from on or about 2000, the exact date being unknown to the Grand Jury, and continuing thereafter until June 20, 2012, in the Eastern District of Texas and elsewhere, **Mario Cardenas-Guillen, a/k/a "Metro 1",** defendant, did knowingly and intentionally combine, conspire, confederate and agree with other persons known and unknown to the Grand Jury to distribute and possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of a Schedule II controlled substance, namely, cocaine HCL.

In violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, all in violation of 21 U.S.C. § 846.

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE
### Criminal Forfeiture Pursuant to 21 U.S.C. § 853 and § 881

Upon conviction of the controlled substance offense alleged in Count One of this indictment, defendant shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained directly, or indirectly, as a result of the said violation, and any property used, or intended to be used in any manner or part, to commit or to facilitate the commission of the said violation, including but not limited to the following:

## MONEY JUDGMENT

A sum of money equal to forty-million-dollars ($40,000,000.00) in United States currency, representing the amount of proceeds obtained as a result of the offense alleged in Count One, conspiracy to distribute and possess with intent to distribute five kilograms of more of a mixture or substance containing a detectable amount of a Schedule II controlled substance, namely, cocaine HCL for which the defendants are jointly and severally liable.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without

difficulty.

It is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

By virtue of the commission of the felony offense charged in this indictment by the defendant(s) any and all interest the defendant(s) has/have in the above-described properties is vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. §§ 853 and/or 881.

A TRUE BILL

_____
GRAND JURY FOREPERSON


JOHN M. BALES
UNITED STATES ATTORNEY

_____        6/20/12
John A. Craft                                    Date
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | Cause No. 1:12-CR-71 |
| | § | |
| MARIO CARDENAS-GUILLEN | § | |
| a/k/a "Metro 1" | § | |

## NOTICE OF PENALTY

### Count One

Violation:   21 U.S.C. § 841(a)(1); 21 U.S.C. § 846

Penalty:   Not less than ten (10) years nor more than life imprisonment, a fine not to exceed $10,000,000.00, or both, and supervised release of not less than five (5) years or more than life.

Special Assessment: $100.00